**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **TIMOTHY MAUNTLER**<br>**Plaintiff,**<br><br>v.<br><br>**LVNV FUNDING, LLC, a Delaware Limited Liability Company &**<br>**RESURGENT CAPITAL SERVICES L.P., a Delaware Limited Partnership.**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:**  2:22-CV-025-RWS-JCF<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") & GEORGIA'S FAIR BUSINESS PRACTICES ACT ("FBPA")**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION
PRACTICES ACT & GEORGIA'S FAIR BUSINESS PRACTICES ACT**

COMES NOW, Timothy Mauntler, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act ("FDCPA") and violations of Georgia's Fair Business Practices Act ("FBPA") against Defendant LVNV Funding, LLC ("LVNV") and Defendant Resurgent Capital Services L.P. ("Resurgent").

## INTRODUCTION

1.

Plaintiff, Timothy Mauntler, ("Plaintiff" or Mr. Mauntler") through his

counsel, brings this action to challenge the acts of Defendants LVNV and Resurgent regarding their attempts to unlawfully, misleadingly, and abusively attempt to collect a debt allegedly owed by Timothy Mauntler, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## **JURISDICTION AND VENUE**

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia and the committed acts that form the basis for this suit occurred within the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, targeted Plaintiff who is a resident of this District, and Defendant Resurgent has a registered agent in Georgia located within this District.

8.

Pursuant to LR 3.1B(3), venue is proper in the Gainesville Division because the conduct complained of herein occurred in Hall County, Georgia.

## **PARTIES**

9.

Plaintiff Timothy Mauntler is a natural person who is a resident of Hall County, Georgia.

10.

Timothy Mauntler is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay a consumer debt.

11.

Defendant LVNV Funding LLC is a Limited Liability Company organized under the laws of the State of Delaware that regularly does business within the State of Georgia, and in particular Hall County.

12.

LVNV can be served through its registered agent, CORPORATION SERVICE COMPANY located at 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808, or by service on an officer or director of the company at its principal place of business located at 6801 S. CIMARRON ROAD, SUITE 424-J, LAS VEGAS, NV 89113.

13.

LVNV is in the business of debt collection.

14.

LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

15.

LVNV is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.

Defendant Resurgent Capital Services L.P. is a Limited Partnership organized under the laws of the State of Delaware who regularly does business within the State of Georgia.

17.

Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

18.

Resurgent is a debt collector as it regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another.

19.

The individuals, employees, records custodians, officers, directors, and other individuals who attempt to collect debts on behalf of Defendant LVNV, who manage the operations of Defendant LVNV, and who engage in debt collection activities on behalf of Defendant LVNV are employees or agents of Defendant Resurgent.

20.

Resurgent can be served through its registered agent, Corporation Service Company located at 40 Technology Pkwy South, #300, Norcross, GA, 30092, or by service on an employee of managerial status, officer, director, or partner, at its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC, 29601.

## FACTUAL BACKGROUND

### *The Alleged Debt*

21.

Sometime around 2014, Mr. Mauntler allegedly incurred a financial obligation that was, namely, a personal credit card with Synchrony Bank, that was for personal, family and household purposes and is a debt as that term is defined under 15 U.S.C. § 1692a(5) ("Alleged Debt").

22.

The last payment alleged to have been made on the Alleged Debt was made on or around June 2015.

23.

The Alleged Debt was in default on or around June 2015.

24.

The Alleged Debt was charged off on or around December 2015.

25.

Defendants obtained ownership of the Alleged Debt subsequent to the Alleged Debt being in default.

26.

Mr. Mauntler is and was a Georgia resident at all times relevant to this action.

27.

The Georgia statute of limitations for breach of written contract is six years pursuant to O.C.G.A. § 9-3-24.

28.

The applicable statute of limitations under Georgia law for a claim to recover on the Alleged Debt is six-years.

29.

The statute of limitations for an action to recover on the Alleged Debt under Georgia law started to run in June 2015.

30.

The statute of limitations for an action to recover on the Alleged Debt under Georgia law expired in June 2021.

*The Resurgent Letter*

31.

On or around July 2, 2021, Defendants caused a letter to be sent to Mr. Mauntler regarding the Alleged Debt ("Resurgent Letter").

32.

A true and accurate copy of the Resurgent Letter is attached hereto as **Exhibit A**. Plaintiff's personal information has been redacted within this document, including his home address.

33.

On or around July 2, 2021, Mr. Mauntler received the Resurgent Letter in the mail and reviewed it.

34.

The Resurgent Letter states, "Because of the age of your debt, LVNV Funding LLC cannot sue you for it."

35.

Based upon the information contained within the Resurgent Letter, Mr. Mauntler believed that no lawsuit would be filed against him by Defendants for the Alleged Debt.

36.

At the time Defendants sent the Resurgent Letter to Mr. Mauntler, they knew that the statute of limitations on the Alleged Debt had expired.

37.

At the time Defendants sent the Resurgent Letter to Mr. Mauntler, they knew that they had no legal right to sue Mr. Mauntler for the Alleged Debt.

*The Magistrate Lawsuit*

38.

On or about October 26, 2021, Defendants filed a lawsuit against Mr. Mauntler to recover the Alleged Debt ("Magistrate Lawsuit").

39.

A true and accurate copy of the Magistrate Lawsuit is attached hereto as

**Exhibit B.** Plaintiff's personal information has been redacted within this document, including his home address, date of birth and telephone number.

40.

The Magistrate Lawsuit was filed in the Magistrate Court of Hall County, Georgia as Civil Action Number MV2021189904P.

41.

The Magistrate Lawsuit was filed after the statute of limitations to recover the Alleged Debt had expired under Georgia law.

42.

Defendants violated the FDCPA by initiating the Magistrate Lawsuit against Mr. Mauntler when Defendants knew or should have known that the statute of limitations had expired on its claim and that it had no legal right to pursue legal action against Mr. Mauntler for this Alleged Debt.

43.

Mr. Mauntler was personally served with the Magistrate Lawsuit on or around October 29, 2021 by a Sheriff's Deputy at his home.

44.

A true and accurate copy of the Sheriff's Entry of Service is attached hereto as **Exhibit C.** Plaintiff's personal information has been redacted within this

document, including his home address.

45.

The experience of being personally served by a Sheriff's Deputy at his home was distressing to Mr. Mauntler and because of such, he experienced embarrassment, anxiety, nervousness, and frustration.

46.

Mr. Mauntler was shocked to learn that the Defendants had filed a lawsuit against him for the Alleged Debt.

47.

Mr. Mauntler had never been sued before the Defendants filed the Magistrate Lawsuit.

48.

After being served with the Magistrate Lawsuit, Mr. Mauntler had difficulty sleeping at night because of his constant worry about the Magistrate Lawsuit filed by the Defendants.

49.

Mr. Mauntler was forced to obtain legal representation in defense of the Magistrate Lawsuit filed by Defendants.

50.

Mr. Mauntler incurred legal fees and costs of not less than $350 that would not have been incurred but for the Defendants' filing of the Magistrate Lawsuit.

51.

On or about November 15, 2021, Mr. Mauntler's attorney filed an Answer to the Magistrate Lawsuit ("Answer") with the Court.

52.

A true and accurate copy of the Answer is attached hereto as **Exhibit D.**

53.

The Answer denied that Mr. Mauntler owed the Alleged Debt and included as its "First Defense" the expiration of the statute of limitations.

54.

Defendants received a copy of Mr. Mauntler's Answer filed in response to the Magistrate Lawsuit on or around November 10, 2021.

55.

Defendants did not dismiss the Magistrate Lawsuit upon or around the time they received a copy of Mr. Mauntler's Answer.

56.

Defendants violated the FDCPA by continuing to pursue the Magistrate

Lawsuit against Mr. Mauntler, particularly when provided with the Answer specifically stating that the statute of limitations had expired, and Defendants knew or should have known that they had no legal right to have filed the Magistrate Lawsuit in the first place.

57.

The Court scheduled a Mediation/Trial to take place on December 7, 2021 in the Magistrate Lawsuit.

58.

A true and accurate copy of the Court's Notice of Mediation/Trial is attached hereto as **Exhibit E.** Plaintiff's personal information has been redacted within this document, including his home address.

59.

Over the period of approximately a month while the Magistrate Lawsuit was pending with the Court, Mr. Mauntler experienced stress and anxiety, causing garden-variety emotional distress that would not have been caused but for the Defendants filing the Magistrate Lawsuit.

60.

Specifically, Mr. Mauntler spent his Thanksgiving holiday being distracted and worried about the upcoming Mediation/Trial date in the Magistrate Lawsuit.

61.

Mr. Mauntler lost sleep at night worrying how the outcome of the Magistrate Lawsuit might affect his ability to meet the needs of his family.

62.

On or about December 6, 2021, the day before the scheduled Mediation/Trial, Defendants caused the Magistrate Lawsuit against Mr. Mauntler to be dismissed without prejudice ("Dismissal").

63.

A true and accurate copy of the Dismissal is attached hereto as **Exhibit F**.

64.

Defendants dismissed the Magistrate Lawsuit against Mr. Mauntler because they knew they had filed the Magistrate Lawsuit after the expiration of the statute of limitations on their claim for the Alleged Debt.

65.

Defendants dismissed the Magistrate Lawsuit against Mr. Mauntler because they knew they had no legal right to bring legal action against Mr. Mauntler for the Alleged Debt.

66.

Defendants dismissed the Magistrate Lawsuit against Mr. Mauntler because

Mr. Mauntler did not owe the Alleged Debt.

67.

Defendants dismissed the Magistrate Lawsuit against Mr. Mauntler because they knew they could not prove that Mr. Mauntler owed the Alleged Debt.

*Documents filed with the Magistrate Lawsuit*

68.

The documents attached to the Magistrate Court Lawsuit show that the Defendants had sufficient information and knowledge within their possession to determine and avoid filing a lawsuit beyond the statute of limitations against Mr. Mauntler.

69.

Defendants attached to the Magistrate Lawsuit several documents which included information about the Alleged Debt, such as the date of default or date of first delinquency, the charge off date, and the date of last payment.

70.

Defendants did not conduct a meaningful review of the Magistrate Lawsuit and the documents they attached to it.

71.

In the alternative, Defendants intentionally disregarded the information

regarding the statute of limitations contained with the Magistrate Lawsuit documents and filed the lawsuit against Mr. Mauntler anyway.

*The Amounts Sought in Magistrate Lawsuit*

72.

Defendants attached several documents to the Magistrate Lawsuit which included incorrect statements as to the amount, character, and ownership of the Alleged Debt in violation of the FDCPA.

73.

Defendants attempted to collect the incorrect amount for the Alleged Debt from Mr. Mauntler in violation of the FDCPA.

74.

Any amounts sought by Defendants in the Magistrate Lawsuit against Mr. Mauntler in connection with the Alleged Debt were incorrect and/or misrepresented because Defendants had no legal right to file the Magistrate Lawsuit against Mr. Mauntler.

75.

In their attempt to collect the Alleged Debt from Plaintiff, Defendants also attempted to collect improper interest, fees, and costs in addition to the Alleged Debt in their Magistrate Lawsuit against Plaintiff.

76.

According to documents attached to the Magistrate Lawsuit by Defendants, the Alleged Debt was comprised of principal, interest, and other fees.

77.

Defendants combined interest and principal for the Alleged Debt into one total amount in their Magistrate Lawsuit and did not separate their claims for principal and interest.

78.

Georgia law only allows post-judgment interest to accrue on principal, not interest. O.C.G.A. § 7-4-12(a).

79.

Defendants did not break their claimed amount into interest and principal in order to increase the potential amount they will collect in post- judgment interest by obtaining an order that includes interest as principal so they can obtain post-judgment interest on interest in violation of Georgia law.

80.

Defendants sought court costs and post judgment interest at the legal rate according to O.C.G.A. § 7-4-12 *et. seq.* in the Magistrate Lawsuit.

81.

Defendants were not entitled to collect costs or post judgment interest in any amount because they had no legal right to pursue the Magistrate Lawsuit against Mr. Mauntler.

82.

Defendants' use of documents attached to the Magistrate Lawsuit that contain incorrect and conflicting statements as to the amount, character, and ownership of the Alleged Debt in order to try and collect the incorrect amount for the Alleged Debt from Plaintiff is in violation of the FDCPA.

83.

Defendants' incorrect statements as to the amount, character, and ownership of the Alleged Debt in the Magistrate Lawsuit, and their attempt to collect an incorrect amount from Plaintiff in the Magistrate Lawsuit, are in violation of the FDCPA.

84.

The above described actions and omissions of the Defendants in pursuit of the Alleged Debt from the Plaintiff represent numerous and multiple violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2),

1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others, as well as violations of Georgia law.

*Summary*

85.

The above-described collection conduct by Defendants in their efforts to collect this Alleged Debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA and the FBPA.

86.

These collection actions taken by Defendants, and their employees and agents, were made in violation of multiple provisions of the FDCPA and the FBPA, including but not limited to all of the provisions of those laws cited herein.

87.

These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

88.

Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA and

FBPA provide Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

89.

Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

90.

Defendants, and their employees and agents, each have intentionally and willfully violated the FDCPA and FBPA.

91.

Defendants were aware, or should have been aware, of the unlawful debt collection practices being used by its employees and agents to collect alleged debts.

92.

As an actual and proximate result of the acts and omissions of Defendants and its employees and agents, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment, anxiety, embarrassment, frustration, and suffering, for which

Plaintiff should be compensated in an amount to be established at trial.

## RESPONDEAT SUPERIOR

93.

The individuals, employees, records custodians, officers, directors, and other individuals who attempt to collect debts on behalf of Defendant LVNV, who manage the operations of Defendant LVNV, and who engage in debt collection activities on behalf of Defendant LVNV are employees or agents of Defendant Resurgent.

94.

The acts and omissions of Defendant Resurgent's employees who acted as agents for Defendant LVNV as described herein, were committed within the time and space limits of their agency relationship with their respective principal, Defendant Resurgent.

95.

The acts and omissions by Defendant Resurgent's employees who acted as agents for Defendant LVNV were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendant Resurgent in collecting consumer debts.

96.

By committing these acts and omissions against Plaintiff, Defendant LVNV's

employees and agents were motivated to benefit their respective principals, Defendant Resurgent.

97.

Defendants are therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees or agents.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

98.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

99.

The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

100.

As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390 *et seq*

### COUNT 1
*Violations of Georgia's FBPA – Legal Remedy and Damages*

101.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102.

Defendants have violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

103.

The purpose of the FBPA is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

104.

O.C.G.A. § 10-1-391 directs that the FPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

23

105.

O.C.G.A. § 10-1-393(a) of the FBPA broadly prohibits unfair and/or deceptive business practices.

106.

Defendants' conduct has implications for the consuming public in general.

107.

Defendants' conduct negatively impacts the consumer marketplace.

108.

Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

109.

Defendants' actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate FBPA. O.C.G.A. § 10-1-390 *et seq.*

110.

Defendants' conduct as described herein constitute independent violations of the FBPA.

111.

Defendants' actions also violate the FDCPA 15 U.S.C. §§ 1692 *et seq.*, as

detailed herein.

112.

Courts have recognized that violations of the FDCPA are also violations of the FBPA.  O.C.G.A. § 10-1-390 *et seq. See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

113.

Defendants' actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

114.

Defendant LVNV does not maintain a place of business within Georgia.

115.

Defendant LVNV does not keep assets within Georgia.

116.

Defendant Resurgent does not maintain a place of business within Georgia.

117.

Defendant Resurgent does not keep assets within Georgia.

118.

The requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendants in this lawsuit.

119.

Out of an abundance of caution, Defendants were served with a demand letter compliant with O.C.G.A. § 10-1-399(b) more than thirty days prior to the filing of this lawsuit.

120.

Defendant LVNV was served with a demand letter compliant with O.C.G.A. § 10-1-399(b) more than thirty days prior to the filing of this lawsuit.

121.

Defendant Resurgent was served with a demand letter compliant with O.C.G.A. § 10-1-399(b) more than thirty days prior to the filing of this lawsuit.

122.

Defendant LVNV did not respond to Plaintiff's demand letter.

123.

Defendant Resurgent did not respond to Plaintiff's demand letter.

124.

Plaintiff seeks actual damages from Defendants for the mental and emotional

distress caused by Defendants' actions in violation of the FDCPA and FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

125.

Plaintiff seeks damages of three times actual damages, against Defendants for their intentional and purposeful action in attempting to collect the Alleged Debt in violation of the FBPA.  O.C.G.A. § 10-1-399(c).

**COUNT 2**
*Punitive Damages Under Georgia's FBPA*

126.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of the FBPA.  O.C.G.A. § 10-1-390 *et seq.*

127.

Plaintiff alleges that Defendants' continued actions as described herein are intentional in nature and requests that this Court award Plaintiff exemplary damages in an amount to be determined by the enlightened conscious of a jury.

128.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

27

## THIRD CAUSE OF ACTION
## Punitive Damages Against Defendants

### 129.

Plaintiff incorporates by reference all of the factual allegations in this Complaint as though fully stated herein.

### 130.

In determining punitive damages, the court must consider the nature, frequency and persistency of the violations and the extent to which they were intentional.

### 131.

Upon information and belief, Plaintiff alleges that Defendants and its agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

### **JURY DEMAND**

### 132.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

- Find Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

- Award Plaintiff the full $1,000 statutory damages against each Defendant for its FDCPA violations;

- Award Plaintiff actual damages for Defendants' FDCPA violations as described herein and to be further shown in an amount to be shown with more particularity at a later date pursuant to 15 U.S.C. § 1692k(a);

- Award Plaintiff's reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

- Find Defendants liable for actual damages in an amount to be shown with more particularity at a later date for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

- Find Defendants liable for damages in the amount of three times actual damages for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

- Find Defendants liable for punitive damages in an amount to be determined by the enlightened conscious of a jury pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a) and O.C.G.A. § 51-12-5.1;

- Award Plaintiff's reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for all Defendant's violations of Georgia's Fair Business Practices Act;

- Award Plaintiff the reasonable costs of this action;

- Award Plaintiff other expenses of litigation;

- Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Submitted this February 11, 2022.

/s/ *Jillian Sandt*

JILLIAN SANDT
Georgia Bar No.: 854396
ATTORNEY FOR PLAINTIFF

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770) 714-1404
jill@sandtlawllc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted February 11, 2022.

/s/Jillian Sandt
JILLIAN SANDT
Georgia Bar No.: 854396
ATTORNEY FOR PLAINTIFF

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770) 714-1404
jill@sandtlawllc.com